# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DERRICK SMITH,

    Petitioner,

vs.                                     CIVIL ACTION NO.: CV214-114

SUZANNE HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Derrick Smith ("Smith"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Smith filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Smith was convicted in the Middle District of Florida, after pleading guilty, of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Smith was sentenced to 360 months' imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Smith, 263 F.3d 170 (11th Cir. 2001) (Table).

Smith filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed as untimely. The Eleventh Circuit denied him a

AO 72A
(Rev. 8/82)

certificate of appealability. Smith filed an application for leave to file a successive § 2255 motion with the Eleventh Circuit, and that court denied his application. Nevertheless, Smith filed another section 2255 motion, which was dismissed as successive. Smith filed another motion, which was construed as a successive § 2255 motion and was dismissed.

The trial court *sua sponte* reduced Smith's sentence to 292 months' imprisonment based on the crack cocaine amendments to the United States Sentencing Guidelines. Smith filed a motion for retroactive application of an amendment to the Sentencing Guidelines, which was granted. Smith's sentence was reduced to 262 months' imprisonment. Smith filed an appeal, and the Eleventh Circuit affirmed. Smith v. United States, 554 F. App'x 869 (11th Cir. 2014).

Smith filed a § 2241 petition in this Court and asserted that he was innocent of the distribution of the quantity of drugs necessary to receive his sentence and of a two-point firearm enhancement. The undersigned recommended that Smith's petition be dismissed because he failed to satisfy the savings clause of 28 U.S.C. § 2255. The Honorable Anthony A. Alaimo adopted this recommendation as the opinion of the Court. (CV204-60, Doc. Nos. 21, 25).

Smith filed a second section 2241 in this Court. Smith asserted that the district court misapplied Apprendi v. New Jersey, 530 U.S. 466 (2000), his Fifth and Sixth Amendment rights were violated, his counsel was ineffective, and his guilty plea was not voluntary. The undersigned once again determined that Smith failed to satisfy the savings clause and recommended that Smith's petition be dismissed. Judge Alaimo adopted this recommendation as the opinion of the Court. (CV205-51, Doc. Nos. 9, 12).

2

Smith filed yet another § 2241 petition in this Court and asserted that he is actually innocent of the career offender provision of the Sentencing Guidelines. According to Smith, one of his predicate offenses was a simple possession conviction, which could not be used to enhance his sentence. Smith asserted that there were changes in the law which applied retroactively in his favor. The undersigned disagreed and recommended that Smith's petition be dismissed for failing to satisfy the savings clause. The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. (CV212-67, Doc. Nos. 8, 10).

In this petition, Smith's fourth in this Court, he asserts that he was wrongly sentenced as a career offender under the Sentencing Guidelines. Smith requests that this Court order that he be resentenced without the career offender enhancement and that the prior offense which is not a qualifying felony under the career offender provision be corrected in his Pre-Sentence Investigation Report ("PSI").

Respondent contends that Smith's career offender enhancement claim is not cognizable under section 2241. Respondent also contends that Smith's request to have his PSI corrected is an attempt to circumvent the savings clause. In the alternative, Respondent alleges that Smith admits that the Bureau of Prisons has already corrected this information in its central file, making his claim moot.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a

petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

4

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013).

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), the Eleventh Circuit majority determined that "the savings clause of § 2255(e) does not

permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320 (Emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Smith was convicted of violating 21 U.S.C. § 846, and the statutory sentence he faced was a maximum of life imprisonment.[2] 21 U.S.C. § 841(b) (West 1998). The total sentence imposed on Smith, 360 months' imprisonment which was later reduced to 262 months' imprisonment, does not exceed this statutory maximum. Thus, Gilbert does not provide Smith with his requested relief. Smith fails to satisfy the savings clause of § 2255, and he cannot proceed with his current section 2241 petition based on the

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

[2] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Even though the substantive charges against Smith were dismissed, a conviction under § 846 would necessarily implicate the underlying offense, which in this case, were several counts of violating 21 U.S.C. § 841(a).

AO 72A
(Rev. 8/82)

assertions that he should be resentenced without the career offender enhancement or that his PSI should reflect that he is not a career offender.

To the extent Smith asserts that the career offender designation should be removed from his central file, it appears that such an assertion is moot. By Smith's own admission, Case Manager Wingate corrected this information in his central file and complied with the applicable Bureau of Prisons' policy. (Doc. No. 1, p. 7). Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).

Because Smith's request has been met by the Bureau of Prisons, there is no longer a live case or controversy on this issue to be litigated in this Court. Smith has failed to assert any collateral consequences of his designation as a career offender or give any reason why this claim should not be dismissed as moot. See Spencer v. Kemna, 523 U.S. 1, 7, 14 (1998). A decision on the merits in Smith's favor would entitle him to no additional relief, and thus, he no longer has a personal stake in the outcome. See Lewis, 494 U.S. at 477. Smith is not threatened with any actual injury that could be redressed by a favorable judicial outcome. See id. Therefore, this portion of Smith's petition is moot.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Smith's petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)